United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DAVID FICKES,

    Petitioner,

vs.

R. GOWER,

    Respondent.

No. C 13-1445 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

Petitioner pleaded nolo contendere to first degree burglary and was sentenced to seventeen years in prison. Petitioner's appeal history is quite extensive as the California Court of Appeal first reversed his conviction and then following petitioner's plea, reversed and remanded for re-sentencing. The re-sentencing was later upheld and petitioner also filed several state habeas petitions that were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts: (1) he was denied a full and fair hearing on the issue of probable case; (2) there was no probable cause to arrest petitioner; (3) the state court's refusal to review due process claims regarding the probable cause hearing is contrary to established supreme court authority; (4) there was a prejudicial delay in filing charges against petitioner; (5) petitioner was denied a hearing on a motion to dismiss due to the delay in filing charges; and (6) the trial court violated his open plea by not hearing the motion to dismiss.

Petitioner's first three claims involve a probable cause hearing prior to his guilty plea. However, there is no constitutional right to a preliminary hearing to determine probable cause. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("a conviction will not be vacated on the ground that the defendant was detained without a determination of probable cause"). Petitioner is in custody as a result of his conviction after pleading guilty. Whether the trial court erred regarding the probable cause hearing is purely an issue of state law, and cannot provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

In claim four, petitioner alleges a due process violation from a long delay in filing charges that led to the police discarding evidence such as 911 tapes and bicycle repair records. This claim is sufficient to require a response.

Claim five alleges a due process violation in that the trial court refused to hold a hearing regarding the delay in filing charges. This claim is similar to claim four and will be incorporated into that claim and is therefore dismissed.

In claim six, petitioner argues that he pleaded guilty under the assumption that a motion to dismiss regarding the delay in filing would be considered after the plea, but the trial court failed to hold a hearing. Liberally construed, this claim is also sufficient to proceed.

## CONCLUSION

1. All claims are dismissed except claims four and six, which are sufficient to proceed.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on

3

respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 22, 2013.

                      PHYLLIS J. HAMILTON
                      United States District Judge

G:\PRO-SE\PJH\HC.13\Fickes1445.osc.wpd