UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DAVID FICKES,

                       Petitioner,

    vs.

R. GOWER,

                       Respondent.

                                            /

No. C 13-1445 PJH (PR)

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

Petitioner, a California prisoner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court dismissed several claims and ordered respondent to show cause on the remaining claims.  However, petitioner has filed a motion to stay to exhaust an ineffective assistance of counsel claim.

The United States Supreme Court has held that the district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Rhines*, 544 U.S. at 277.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.*  Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* at 278.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Petitioner has just met the conditions outlined above and the court will grant a stay

2 pursuant to *Rhines.*[1]

**CONCLUSION**

4    1.  Respondent's motions for extensions (Docket Nos. 10, 12) are **DENIED** as moot.

5 Respondent need not respond to the order to show cause until the stay is lifted and

6 instructed by the court.

7    2.  Petitioner's motion for a stay (Docket No. 8) is **GRANTED** and this case is

8 **STAYED** to allow petitioner to present his unexhausted claim in state court.  If petitioner is

9 not granted relief in state court, he may return to this court and ask that the stay be lifted.

10    The stay is subject to the following conditions:

11    (1) Petitioner must diligently pursue his state court habeas proceedings; and

12    (2) petitioner must notify this court within thirty days after the state courts have

13 completed their review of his claim or after they have refused review of his claims.

14    If either condition of the stay is not satisfied, this court may vacate the stay and act

15 on this petition.  *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must

16 effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip

17 to state court and back.").

18    The clerk shall administratively close this case.  The closure has no legal effect; it is

19 purely a statistical matter.  The case will be reopened and the stay vacated upon

20 notification by petitioner in accordance with section (2) above.

21    **IT IS SO ORDERED.**

22 Dated:    November 19, 2013.

PHYLLIS J. HAMILTON
23 United States District Judge

24 G:\PRO-SE\PJH\HC.13\Fickes1445.sta.wpd

---

27    [1] Petitioner is informed that the exhaustion requirement is satisfied by providing the highest state court with a full and fair opportunity to consider each claim. *Duncan v. Henry*, 28 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).

2